FILED
11/23/2015 4:56:31 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

ACCEPTED
04-15-00747-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/3/2015 1:09:46 PM
KEITH HOTTLE
CLERK

CAUSE NO. 2014-CI-17290

| | | |
|---|---|---|
| HOPE KELLEY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | 12/3/2015 1:09:46 PM<br>KEITH E. HOTTLE<br>Clerk |
| ELIZABETH KING, M.D., and | § | |
| NORTHEAST OB/GYN | § | |
| ASSOCIATES, P.L.L.C. | § | |
| Defendants. | § | 224TH JUDICIAL DISTRICT |

## DEFENDANTS' NOTICE OF ACCELERATED APPEAL

TO THE HONORABEL JUDGE OF SAID COURT:

COME NOW, ELIZABETH KING, M.D., and NORTHEAST OB/GYN ASSOCIATES, P.L.L.C., Defendants, and file this Notice of Accelerated Appeal, and in support thereof, would respectfully show the Court the following:

1. Defendants, ELIZABETH KING, M.D., and NORTHEAST OB/GYN ASSOCIATES, P.L.L.C., filed a Motion to Dismiss Plaintiff's medical malpractice case pursuant to TEX. CIV. PRAC. & REM. CODE §74.351.

2. On July 16, 2015, the Court granted Plaintiff a 30-day to extension pursuant to §74.351(c) to cure deficiencies in her expert report.

3. Plaintiff file a report from the same expert on July 30, 2015.

4. Defendants, ELIZABETH KING, M.D., and NORTHEAST OB/GYN ASSOCIATES, P.L.L.C., filed a Second Motion to Dismiss pursuant to TEX. CIV. PRAC. & REM. CODE §74.351 on August 17, 2015.

5. On November 2, 2015, the Court denied Defendants, ELIZABETH KING, M.D., and NORTHEAST OB/GYN ASSOCIATES, P.L.L.C.'s Second Motion to Dismiss.

6. Pursuant to TEX. CIV. PRAC. & REM. CODE §51.014(a)(9), Defendants bring this interlocutory appeal of the Court's November 2, 2015 Order denying their Chapter 74 Motion to Dismiss.

7. Defendants desire to appeal the Court's ruling. Defendants hereby appeal the Court's ruling to the 4th Court of Appeals in San Antonio, Texas.

8. This appeal is accelerated pursuant to TEX. R. APP. P. 28.1. Further, commencement of the trial of this case is stayed pursuant to TEX. CIV. PRAC. & REM. CODE §51.014(b).

9. This Notice of Appeal has been filed within twenty (20) days of the Court signing the Order denying Defendants' Motion to Dismiss and is, therefore, timely for purposes of accelerating this appeal.

10. All counsel of record are being provided with copies of this Notice.

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: _____
      J. Kevin Oncken
      State Bar No. 15280050
      Roger A. Berger
      State Bar No. 02192400
      238 Westcott
      Houston, Texas 77007
      Tel: 713-869-2900
      Fax: 713-869-6699
      Email: kevin@unolaw.com
      Email: rberger@uzickoncken.com

ATTORNEYS FOR DEFENDANTS,
ELIZABETH KING, M.D., and NORTHEAST
OB/GYN ASSOCIATES, P.L.L.C.

## CERTIFICATE OF SERVICE

   I do hereby certify that a true and correct copy of the foregoing Defendants' Notice of Accelerated Appeal has been forwarded to Plaintiff's counsel of record by facsimile transmission on this the 23rd day of November, 2015.


_____
Roger A. Berger

# LAW OFFICE OF HOWARD E. DAVIS, P.C.
## ATTORNEY AT LAW

HOWARD E. "BEN" DAVIS
E-MAIL: irish-x@att.net

6655 FIRST PARK TEN BLVD., SUITE 250
SAN ANTONIO, TEXAS 78213

TELEPHONE: (210) 738-8080
FACSIMILE: (210) 738-8088

LEGAL ASSISTANT:
DREW BROWN
E-MAIL: lohed-drew_brown@outlook.com

October 14, 2015

*Via Facsimile Only:  (210) 335-0595*

Honorable Michael Mery
37th Judicial District Court
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205

RE:     **Cause No. 2014-CI-17290; Hope Kelley v. Elizabeth King, M.D.
And Northeast OB/GYN Associates, PLLC; In the 224th Judicial
District Court of Bexar County, Texas**

Dear Judge Mery:

Please be advised that following our hearing yesterday on Defendants' Second Motion to Dismiss and the Plaintiff's Response, I believe the last page of Exhibit 4 (Dr. Sedlak's report) and Exhibit 11 (Dr. Almendarez's report) were inadvertently excluded from the notebook I provided to the Court. In this regard, I am attaching for the Court's review complete copies of Plaintiff's Exhibit 4 and Plaintiff's Exhibit 11 attached to Plaintiff's Response to Defendants' Second Motion to Dismiss pursuant to Chapter 74.351.

By facsimile, I am also providing Mr. Berger a copy of this correspondence along with the attachments for his file.

I apologize the error and appreciate your consideration. Thank you and if you have any questions, please let me know.

Regards,

Howard E. Davis

/dpb
Attachments

*cc via facsimile w/attachments – (713) 869-6699:*
Mr. Roger Berger
Uzick & Oncken, P.C.

Operative Procedure Report

BAPTIST HEALTH SYSTEM
SAN ANTONIO, TEXAS

PATIENT NAME:    KELLEY, HOPE
SEX:        F
ADMISSION NO:    1223600108          UR#:        0003967159
ADMISSION DATE: 08/23/2012           BIRTHDATE:  12/06/1958
PATIENT TYPE:   BOS                  LOCATION:   ROOM:
DISCHARGE DATE:

DATE OF PROCEDURE:
08/23/2012

PREOPERATIVE DIAGNOSIS:
Bladder injury.

POSTOPERATIVE DIAGNOSIS:
Same.

PROCEDURE PERFORMED:
Robotic-assisted laparoscopic closure of bladder injury and cystoscopy.

SURGEON:
Sedlak.

ASSISTANT:
Roger Guardiola.

ANESTHESIA:
General endotracheal.

ANESTHESIOLOGIST:
Palasota.

ESTIMATED BLOOD LOSS:
None.

DRAINS:
A Foley catheter and a JP drain.

INDICATION FOR PROCEDURE:
The patient is 53 years old and undergoing a robotic assisted hysterectomy. During the course of the hysterectomy, they noticed bloody urine and air in the Foley bag. I was called intraoperatively to evaluate. The hysterectomy has been completed. The specimen has been removed and the vaginal cuff closed. At this point using the robot, I inspected the area of the bladder. There was noted to be a thin area on the posterior bladder wall as well as an opening into the bladder wall. This was a fairly small opening, but due to the remainder of the bladder being so thin, I did elongate the incision so I could get a better inspection of the interior of the bladder. At this point, the laparoscope was able to be passed into the bladder where the interior of the bladder was inspected. We noted that there was efflux from both ureteral orifices. At this point, the bladder injury was closed in 2 layers with running 2-0 Vicryl. The bladder was inflated with over 200 mL of sterile irrigant and the closure was watertight. A flap of

PRINTED BY: cxb0505
DATE        08/11/2014



KELLEY, HOPE                         0003967159        1223600108

peritoneum was then mobilized from the surface of the posterior wall of the bladder, and this was brought down and interposed between the bladder closure and the vaginal closure to hopefully prevent fistula. This was sutured in place again with 2-0 Vicryl. Having completed this, a JP drain was placed in the pelvis. The case was then turned over to Dr. King for closure. I did do a cystoscopy at the end of the closure inspecting the interior of the bladder. The bladder wall appeared to be completely closed again. There was efflux from both of the orifices. The cystoscope was removed. A Foley catheter was passed. The JP drain was sutured in place. I will follow the patient up postoperatively and remove the drains as appropriate.

Dictated By: MICHAEL SEDLAK, MD


CC:ELIZABETH KING, MD

D: 08/23/12 11:12   T: 08/23/12 12:10 DOCUMENT: 2147775 120823121040
Authenticated by MICHAEL FRANCIS SEDLAK, MD On 08/24/2012 02:30:54 PM

KELLEY, HOPE                    0003967159        1223600108

Mr. Howard E. Davis
Law Office of Howard E. Davis, P.C.
6655 First Park Ten Blvd Ste 250
San Antonio, TX 78213


My name is Valentin Almendarez Jr., M.D. I am a medical doctor with a specialty in obstetrics/gynecology. I completed my undergraduate degree at the University of Texas in 1988. I earned my medical degree from Texas A&M University Medical School in 1992. I then completed my residency in obstetrics/gynecology at UTMB-Galveston in 1996.

I have been in private practice for over eighteen years and have been licensed to practice medicine in Texas for over twenty-one years. My license has never been suspended, revoked or modified in any manner. I am board certified in obstetrics/gynecology by the American Board of OBGYN and a diplomat in the American College of OBGYN.

I have been asked to review the medical care of Hope Kelley with the purpose of commenting on the quality of care provided by Elizabeth King, M.D. As a result of my education, training and experience I am qualified to comment on the quality of care in robotic laparoscopic hysterectomy. I have performed over seven hundred fifty robotic surgeries in the last four years. I train, teach,and proctor other physicians wanting to learn how to perform robotic laparoscopic surgery. A significant portion of my current practice involves robotic laparoscopic surgery. Additionally as a board certified gynecologist I am trained to diagnose and treat bladder problems.

I have reviewed the records in this case,including records from Dr. King's office and records from North East Baptist Hospital. The records and information that I reviewed is of a type that gynecologic physicians, such as myself, generally utilize in arriving at medical opinionsMy opinions are based on reasonable medical probability.

Hope Kelley was initially seen by Dr. King on June 25, 2012 for an annual exam. At this time her exam was normal and Hope Kelly had no complaints. She returned to the office approximately one month later with complaints of abdominal pain and bloating. A sonogram done that same day revealed a six centimeter fibroid in her uterus, likely the cause of her pain and bloating. On August 23, 2012 Hope Kelley underwent a robotic assisted total vaginal hysterectomy performed by Dr. King. During the surgery a bladder injury was discovered and Dr. King consulted a urologic surgeon to repair the damaged bladder. Per the Urologist the repair went well. Hope Kelley was hospitalized three days and sent home with u bladder catheter for one to two weeks. She was to follow up with the Urologist to have the catheter removed. Post operatively she was seen in Dr. King's office with complaints of bladder pain and urgency. Both visits she had blood in her urine, however was never treated for possible infection and urinary culture of her urine was never performed. Hope Kelly has continued to have bladder pain and urgency since her surgery.

1



It is my opinion that the standard of care, in this case, was not met in several areas. Standard of care was not met in failing to obtain proper consent for surgery, failing to perform the proper surgery and failure to perform proper post operative care. Further, the standard of care was not met due to the resulting laceration of Hope Kelley's bladder during the procedure performed, and the ongoing extended pain, suffering and medical care required following her surgery.

Hope Kelley was diagnosed with a fibroid uterus on her second visit to Dr. King's office. She then had her surgery. I could not find anywhere in Dr. King's office notes any discussion of surgery with Hope Kelley. There was no documented discussion of the type of surgery, the route of surgery, nor the possible complications of surgery. Dr. King fell below the standard of care by not obtaining proper consent.

It is obvious that with Dr. King's initial normal pelvic exam she underestimated the size of Hope Kelley's uterus. This was proven when Dr. King was unable to remove the uterus from the pelvis in one piece. She was then forced to morcellate the uterus (cut into pieces) in order to remove the uterus from the pelvis. It was at this time that Dr. King recognized the bladder injury. In addition, Hope Kelley had two previous cesarean sections, which make laparoscopic hysterectomies more difficult to perform and increase risk of bladder injury. I believe the difficulty of this case should have lead Dr. King to perform an abdominal hysterectomy. At the very least, during the surgery Dr. King should have realized the uterus was too large to fit through the vagina and should have converted to an abdominal hysterectomy. Choosing a route for hysterectomy involves multiple factors including surgical indication, patient anatomical condition, informed patient preference and surgeon's experience and training. An abdominal hysterectomy would have reduced Hope Kelley's risk of bladder injury.

The bladder injury was not seen or found until after the uterus was removed from the pelvis. If the injury had occurred earlier in the surgery Dr. King would have and should have recognized the injury. I believe the injury occurred as Dr. King was removing the uterus from the pelvis through the vagina. The badder injury is a direct result of performing the wrong surgery and route of surgery on this patient. Removing the uterus from the vagina directly caused the bladder injury. If Dr. King had initially performed an abdominal hysterectomy or converted to an abdominal hysterectomy the bladder injury would have been avoided. By not obtaining proper consent as to route of surgery and by not performing adequate or proper preoperative exam, Dr. King was unable to make the right choice in route of surgery, and this led directly to the bladder injury.

The post operative care was also below the standard of care. Hope Kelley was seen twice after surgery and in both visits had blood in her urine. She did not have urine culture performed to rule out infection, as is standard of care. Failure to treat infection in the bladder is a cause of continued bladder pain and urgency.

2

This report is not intended to be a complete and final statement of my opinion. I reserve the right to expand, modify, or otherwise amend my opinions.

Sincerely,

Valentin Almendarez Jr. M.D.

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 10/13/2015 04:19PM
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : U63889J4N435858
```

```
DATE,TIME                10/13   04:18PM
FAX NO./NAME             3409296
DURATION                 00:01:12
PAGE(S)                  08
RESULT                   OK
MODE                     STANDARD
                         ECM
```

# LAW OFFICE OF HOWARD E. DAVIS, P.C.
## ATTORNEY AT LAW

HOWARD E. "BEN" DAVIS
E-MAIL: irish-x@att.net

6655 FIRST PARK TEN BLVD., SUITE 250
SAN ANTONIO, TEXAS 78213

TELEPHONE: (210) 738-8080
FACSIMILE: (210) 738-8088

LEGAL ASSISTANT:
DREW BROWN
E-MAIL: lohed-drew_brown@outlook.com

# FACSIMILE COVER SHEET

**TO:** Mr. Jorge Tuckler
**COMPANY:** Lauren S. Shaw & Associates
**FACSIMILE:** (210) 348-9296

**FROM:** Howard E. Davis/Kendra
**DATE:** October 13, 2015

**RE:** Cause No: 2011-CI-19463; *Juanita H. Cadena v. Roberto Guerrero*, In the 288th District Court of Bexar County, Texas

**AND**

Cause No. 387803; Victor Alfonso Ochoa, Individually and As Next Friend of Abigail Ochoa and Steven Ochoa v. Jesusita Vega Cados; In County Court at Law No.5, of Bexar County, Texas

**PAGES:** _8_ *(Including Cover Sheet)*

# LAW OFFICE OF HOWARD E. DAVIS, P.C.
## ATTORNEY AT LAW

HOWARD E. "BEN" DAVIS
E-MAIL: irish-x@att.net

6655 FIRST PARK TEN BLVD., SUITE 250
SAN ANTONIO, TEXAS 78213

TELEPHONE:  (210) 738-8080
FACSIMILE:  (210) 738-8088

LEGAL ASSISTANT:
DREW BROWN
E-MAIL: lohed-drew_brown@outlook.com

## FACSIMILE COVER SHEET

TO:             Honorable Michael Mery
COMPANY:        37th Judicial District Court
FACSIMILE:      (210) 335-0595

TO:             Mr. Roger Berger
COMPANY:        Uzick & Oncken, P.C.
FACSIMILE:      (713) 869-6699

FROM:           Howard E. Davis/Drew
DATE:           October 14, 2015

RE:             **Cause No. 2014-CI-17290; Hope Kelley v. Elizabeth King, M.D.
                And Northeast OB/GYN Associates, PLLC; In the 224th Judicial
                District Court of Bexar County, Texas**

PAGES:          _7_  *(Including Cover Sheet)*

## *COMMENTS:*

Please see attached correspondence and exhibits.

Thank you.

Drew Brown,
Legal Assistant to Howard E. Davis

**CONFIDENTIALITY NOTICE:** This message is for the benefit of the name person(s) only; it may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. Do not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient; If you received this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it, and notify the sender of its mis-transmission.

**Roger A. Berger**

# UZICK & ONCKEN, P.C.
## Attorneys at Law
238 Westcott
Houston, Texas 77007
(713) 869-2900
Fax: (713) 869-6699
E-Mail: rberger@uzickoncken.com
www.uzickoncken.com

**REQUEST NO. 19**

October 16, 2015

Honorable Michael Mery
37th Judicial District Court
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205

**Facsimile No. (210) 335-0595**

RE:    Cause No. 2014-CI-17290; *Hope Kelley v. Elizabeth King, M.D. and Northeast OB/GYN Associates, P.L.L.C.*; In the 224th Judicial District Court of Bexar County, Texas.

Dear Judge Mery:

We are in receipt of Mr. Davis' fax of October 14, 2015. In order to protect the record for any subsequent appeal that could result from your eventual ruling, we do need to lodge an objection to consideration of any medical records attached to Plaintiff's responses to our motions. As Your Honor is no doubt aware, the consideration of the sufficiency of an expert report is limited to the four corners of the report. We do not have any objection to the fax to the extent that it provides a copy of missing pages of the expert's report since those are part of the record.

Very truly yours,

Roger A. Berger

RAB:vjs

cc:    Mr. Howard E. "Ben" Davis
       Law Office of Howard E. Davis, P.C.
       6655 First Park Ten Boulevard, Suite 250
       San Antonio, Texas 78213

**Facsimile No. (210) 738-8088**

**HP Officejet Pro 8630 Series**

**Fax Log for**
Uzick & Oncken, P.C.
512-344-9543
Oct 16 2015 3:24PM

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| Oct 16 | 3:23PM | Fax Sent | 2107388088 | 0:57 N/A | 2 | OK |

**HP Officejet Pro 8630 Series**

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| | | | | Digital Fax | | |
| Oct 16 | 3:20PM | Fax Sent | 2103350595 | 2:08 N/A | 2 | OK |

**HP Officejet Pro 8630 Series**

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| Nov 23 | 5:54PM | Fax Sent | 2107388088 | 5:55 N/A | 19 | OK |

CAUSE NO. 2014-CI-17290

| HOPE KELLEY | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| ELIZABETH KING, M.D. AND | § | |
| NORTHEAST OB/GYN ASSOCIATES, | § | |
| PLLC | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS PURSUANT TO CHAPTER 74.351

BE IT REMEMBERED that on the 13th day of October, 2015, came on to be heard Defendants', Elizabeth King, M.D. and Northeast OB/GYN Associates, P.L.L.C., Second Motion to Dismiss Pursuant to Chapter 74.351, and the Court, having considered the objections and motion, along with Plaintiff's response and the arguments and testimony of counsel, is of the opinion that Defendants' motion should be denied.

It is therefore, ORDERED, ADJUDGED and DECREED that Defendants', Elizabeth King, M.D. and Northeast OB/GYN Associates, P.L.L.C., Second Motion to Dismiss Pursuant to Chapter 74.351 is, in all things, DENIED.

SIGNED this _____ day of **NOV 2 2015**, 2015.

Michael E. Mery
Presiding Judge
37th District Court
Bexar County, Texas
_____
HONORABLE MICHAEL MERY

APPROVED AS TO FORM:

LAW OFFICE OF HOWARD E. DAVIS, P.C.

By: _____
Howard E. Davis
State Bar No. 05497500
6655 First Park Ten Blvd., Suite 250
San Antonio, Texas 78213
Telephone: (210) 738-8080
Facsimile: (210) 738-8088
e-mail: irish-x@att.net
ATTORNEY FOR PLAINTIFF

UZICK & ONCKEN, P.C.

By: _____ 02192400
J. Kevin Oncken
State Bar No. 15280050
238 Westcott
Houston, Texas 77007
Telephone: (713) 869-2900
Facsimile: (713) 869-6699
e-mail: kevin@unolaw.com
ATTORNEY FOR DEFENDANTS